#### UNITED STATES DISTRICT COURT
#### DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAQILLE BROWN,<br>      Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:20-cv-216 (SRU) |
| MATHEW J. CLARK, et al.,<br>      Defendants. | :<br>:<br>: |

### **ORDER**

Shaqille Brown ("Brown") was confined at the Garner Correctional Institution ("Garner") when he initiated this action. He has filed a complaint under 42 U.S.C. § 1983 claiming that LPC Mathew J. Clark and Dr. Scott A. Mueller were deliberately indifferent to his mental health needs during his confinement at Northern Correctional Institution from September 2019 to October 2019.

Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. The complaint is deficient because it does not include a request for relief of any kind. Additionally, the complaint appears to include an incomplete signature. *See* Compl., Doc. No. 1, at 11 (Compare to signatures on pages three and four of Brown's Application to Proceed *In Forma Pauperis*, Doc. No. 2). Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11.

It is evident from the State of Connecticut Department of Correction's website[1] that Brown is no longer confined at Garner or any other prison facility. A search using Brown's CT DOC Inmate Number, 361798 elicits the following response: "No record Meets Your Criteria."

Local Rule 83.1(c)(2) requires a litigant to keep the Clerk apprised of an address where court orders and rulings can be mailed to him or her. *See* D. Conn. L. Civ. R. 83.1(c)(2). The Court previously advised Brown that he must provide the Clerk with notice of a current address where he may be served with papers filed in this case and cautioned him that if he failed to keep the Clerk informed of his current address, the case would be subject to dismissal. *See* Order, Doc. No. 8. Brown has neglected to keep the Court apprised of his current mailing address. Accordingly, the Court will permit Brown twenty (20) days to file a written notice of his current mailing address and to file an amended complaint that includes his signature and a request for relief.

## Conclusion

Within twenty (20) days of the date of his order, Brown shall file a written notice of his current mailing address as required by Local Rule Local Rule 83.1(c)(2) and shall also file an amended complaint that includes his signature and a request or requests for relief as required by Federal Rules of Civil Procedure 8(a)(3) and 11(a). If Brown either fails to file a notice of his current mailing address or fails to file an amended complaint that complies with Rules 8(a) and 11(a), Fed. R. Civ. P. within the time specified, the Court will dismiss the case.

---

[1] The website is located at http://portal.ct.gov/DOC.

2

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of May 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
